IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO.: 1:11-cv-00188-ABJ |
| v. | : |
| INSTATRADE CORPORATION d/b/a INSTAFOREX and ZTRADEFX LLC, | : |
| Defendants. | : |

**FILED**
DEC 6 - 2011
Clerk, U.S. District and
Bankruptcy Courts

### DEFAULT JUDGMENT ORDERING PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT ZTRADEFX LLC

On January 26, 2011, Plaintiff, the Commodity Futures Trading Commission ("CFTC" or "Commission"), filed a complaint seeking injunctive relief, civil monetary penalties and other equitable relief against defendants InstaTrade Corporation d/b/a InstaForex ("InstaForex") and ZtradeFX, LLC ("Ztrade"), for violations of certain registration provisions of the Commodity Exchange Act ("the Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* In an order entered on September 7, 2011, the Clerk of the Court entered default against Ztrade under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(a). Pursuant to Fed. R. Civ. P. 55(b), this matter now comes before the Court on the CFTC's motion for default judgment. This Court has considered the entire record in this matter, including the CFTC's motion and incorporated

and the proffers of counsel for Plaintiff on the record, memorandum in support, and finds that good cause exists for entry of the relief requested. Accordingly, the CFTC's motion is GRANTED in accordance with LCvR 72.2(a).

**THE COURT HEREBY FINDS:**

1. This Court has jurisdiction over the CFTC's action pursuant to Section 6c of Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. The Court has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

3. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(e), in that Ztrade transacts business in this District and certain transactions, acts, practices, and courses of business alleged in the CFTC's complaint occurred, are occurring, or are about to occur within this District.

4. The CFTC is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, as amended, to be codified at 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated under it, 17 C.F.R. § 1.1 *et seq.* (2010).

5. Ztrade is a corporation registered and incorporated under the laws of Connecticut that solicits and accepts orders for off-exchange foreign currency ("forex") transactions.

6. On January 26, 2011, the CFTC filed a complaint against Ztrade seeking injunctive and other equitable relief for violations of the Act and Regulations.

7. On January 28, 2011, the CFTC properly served Ztrade, pursuant to Fed. R. Civ. P. 4(h)(2), by delivering copies of the summons and complaint to its registered agent.

8. Ztrade failed to plead or otherwise defend as to the complaint within the time permitted by Fed. R. Civ. P. 12(a)(1). On September 7, 2011, the Clerk of the Court entered a default against Ztrade pursuant to Fed. R. Civ. P. 55(a).

9. The allegations of the complaint are well-pled and hereby taken as true. This Order is supported by the following facts.

**Findings of Fact**

10. Beginning on October 18, 2010, and continuing to the present ("the relevant period"), ZtradeFX solicited, on behalf of InstaForex and other retail foreign exchange dealers ("RFEDs"), retail customers who are not eligible contract participants to participate in off-exchange forex contracts and introduced retail forex customers to RFEDs, including InstaForex. RFED is defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1).

11. During the relevant period, ZtradeFX solicited customers in this district and other districts in the U.S. through its internet website at www.ztradefx.com. According to its website, ZtradeFX introduced new customers and accounts to InstaForex and other RFEDs and received commissions based on customers' trades in those accounts.

12. During the relevant period, ZtradeFX also solicited and introduced customers on behalf of InstaForex through the website at www.instaforexusa.com, which was hosted on a computer server located in Scottsdale, Arizona. This website lists the address and contact information for ZtradeFX and links directly to InstaForex's own website, where customers can then open forex trading accounts.

13. The forex transactions offered and entered into by InstaForex neither result in delivery within two days nor create an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery, respectively, in connection with their lines of business. Rather, these forex contracts remain open from day to day and ultimately are offset without anyone making or taking delivery of actual currency (or facing an obligation to do so).

**Conclusions of Law**

14. The CFTC has jurisdiction over the forex transactions underlying this action because: (1) the transactions are offered to or entered into with (i) a person that is not an eligible contract participant and (ii) on a leveraged or margined basis; (2) the transactions do not result in actual delivery within two days or otherwise create an enforceable obligation to make or take delivery in connection with the parties' line of business; and (3) Defendant InstaForex, the counterparty to the transactions with the non-eligible contract participants, is not one of certain enumerated persons. Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C).

15. Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, specifically states that:

> A person, unless registered in such capacity as the Commission by rule, regulation, or order shall determine . . ., shall not— (aa) solicit or accept orders from any person that is not an eligible contract participant in connection with agreements, contracts, or transactions described in clause (i) of this subparagraph entered into with or to be entered into with a person who is not described in item (aa), (bb), (dd), (ee), or (ff) of subparagraph (B)(i)(II).

16. The transactions referred to in Section 2(c)(2)(C)(iii)(I)(aa) of the Act include leveraged or margined forex transactions that do not result in actual delivery of the traded

foreign currency within two days or create an enforceable obligation to deliver the foreign currency and which are conducted with persons who are not Eligible Contract Participants at an RFED. . Section 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(i).

17. An Eligible Contract Participant ("ECP") is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, *or reasonably likely to be owned or incurred*, by the individual." *See* Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a.

18. On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), and the CRA, to be codified at 7 U.S.C. §§ 1 *et seq.*, with respect to off-exchange forex transactions.

19. For the purposes of Part 5 of the Regulations, an RFED is defined as any person that is, or offers to be, the counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B)(i)(II). Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1).

20. For the purposes of Part 5 of the Regulations, an Introducing Broker ("IB") is defined as any person who solicits or accepts orders from a customer that is not an ECP in connection with retail forex transactions. Regulation 5.1(f)(1), to be codified at 17 C.F.R. § 5.1(f)(1).

21. Pursuant to Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i), in connection with forex transactions, all IBs must be registered with the Commission as of October 18, 2010.

22. Ztrade has never been registered with the CFTC in any capacity or applied for registration (or an exemption from registration).

23. During the relevant period, Ztrade solicited or accepted orders from non-ECPs in connection with margined or leveraged forex transactions, which do not involve actual delivery of foreign currency or any obligation to do so, at InstaForex, an RFED. In doing so, Ztrade acted as an IB, as defined in Regulation 5.1(f)(1), to be codified at 17 C.F.R. § 5.1(f)(1). Because Ztrade was not registered as an IB during the relevant period, it violated Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. §5.3(a)(5)(i).

**Permanent Injunction, Civil Monetary Penalty and Other Ancillary Equitable Relief**

24. The CFTC has shown that Ztrade has engaged, is engaging, and is about to engage in acts and practices which violate Commission Regulation 5.3(a)(5)(i). The totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that Ztrade will continue to engage in the acts and practices alleged in the complaint and in similar acts and practices in violation of the Commission's Regulations. In addition, the imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act, as amended by the CRA, and the Regulations. Furthermore, the nature of Ztrade's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Ztrade has violated Commission Regulation 5.3(a)(5)(i). Therefore, judgment shall

be and hereby is entered in favor of the Plaintiff, U.S. Commodity Futures Trading Commission, and against Defendant Ztrade as follows:

25. Ztrade, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Ztrade, and all persons and entities insofar as they are acting in concert or participation with Ztrade who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly engaging in any conduct in violation of Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i), including, but not limited to, offering to be the counterparty to its customers' forex transactions.

26. Ztrade, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Ztrade, and all persons and entities insofar as they are acting in concert or participation with Ztrade who receive actual notice of this order by personal service or otherwise, shall remove or cause to be removed from the Internet all webpages posted or authorized by them to be posted in which they solicit or accept orders or accounts from non-ECPs in connection with forex transactions or offer to be the counterparty to customers' forex transactions, whether through www.instaforex.com, www.instaforexusa.com, the Uniform Resource Locater ("URL") associated with such domain names, and/or any other domain name or URL created, operated, hosted and/or authorized by Ztrade, in whole or in part. This includes, but is not limited to, submitting a removal request of the domain name(s) associated with the aforementioned conduct and corresponding URL(s) to the appropriate web-host provider and/or domain registration company.

27. Ztrade, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Ztrade, and all persons and entities

insofar as they are acting in concert or participation with Ztrade who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

    a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

    b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

    c. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

    d. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

    e. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

    f. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

28.     Ztrade shall pay to the Commission a civil monetary penalty of $140,000, plus post-judgment interest, within ten (10) days of the date of the entry of this Order (the "CMP Obligation"). Should Ztrade not satisfy its CMP Obligation within ten (10) days of the date of entry of this Order, post judgment interest shall accrue on the CMP Obligation beginning on the

date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

29. Ztrade shall pay the CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Linda Zurhorst – AMZ-341
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-5644

If Ztrade chooses to make the payment by electronic funds transfer, it shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Ztrade shall submit its payment with a cover letter that identifies it and the name and docket number of this proceeding. Copies of the cover letter and the form of payment shall be simultaneously transmitted to: Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, United Parcel Service and Federal Express, upon Ztrade or any other entity or person that may be subject to any provision of this Order. Eugene Smith, Christine Ryall, and Patricia Gomersall, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

**IT IS FURTHER ORDERED** that all pleadings, correspondence, notices or other materials required by this Order shall be sent to Eugene Smith, Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington D.C. 20581.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

**IT IS FURTHER ORDERED** that there being no just cause for delay, the Clerk of the Court shall enter final judgment against Ztrade forthwith and without further delay.

**IT IS SO ORDERED.**

DATED: December 6, 2011

HON. Deborah A. Robinson
United States Magistrate Judge